CHARLES F. KNORPF and JOHN JORDAN, Plaintiff in Error, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Defendant in Error.

### Kansas City Court of Appeals, November 7, 1910.

1. **PLEADING IN TWO COUNTS: Motion to Elect.** Where the two counts of a petition are contradictory and inconsistent, a motion to require plaintiff to elect upon which count he will go to the jury, made at the close of the evidence, was properly sustained.

2. ——: **Evidence Not Preserved in Record.** The action of the trial court at the close of all the evidence in sustaining a motion to require plaintiff to elect upon which of two contradictory and inconsistent counts he will go to the jury, will not be disturbed where the evidence is not preserved in the record.

Error from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*John W. Coots* for plaintiff in error.

(1) The first count of the petition based on section 1110, R. S. 1899, is sufficient. Cooper v. Railroad, 123 Mo. App. 142; Cox v. Railroad, 174 Mo. 588. The second count of the petition is good as a common law count. Brink v. Railroad, 17 Mo. App. 177; Munkers v. Railroad, 72 Mo. 514; Edwards v. Railroad, 97 Mo. App. 103; Byrne v. Railroad, 47 Mo. App. 383. And common law acts of negligence may be joined with statutory acts of negligence, even in the same count. White v. Railroad, 202 Mo. 559; Rapp v. Transit Co., 190 Mo. 153. (2) The defendant waives its right to

require plaintiffs to elect upon which count of the petition they would go to the jury, by answering over and joining issue on the facts as pleaded. The motion to elect came too late and the court erred in compelling plaintiffs to elect after a portion of the evidence had been heard. White v. Railroad, 202 Mo. 539; Rapp v. Transit Co., 190 Mo. 144; Sluder v. Transit Co., 189 Mo. 107; Paddock v. Somes, 102 Mo. 235. The counts in plaintiff's petition cannot be held to be self-destructive, and if the counts were improperly joined in the same petition the defect should have been reached by demurrer. Sec. 598, R. S. 1899; Jordan v. Transit Co., 202 Mo. 418. And by pleading to the merits, defendant's motion came too late. Id. (3) Defendant's motion to require plaintiffs to elect, was in no sense a demurrer to the evidence. All motions must be accompanied by a written specification of the reasons upon which they are founded; and no reason not so specified shall be urged in support of the motion. Sec. 640, R. S. 1899. Plaintiffs respectfully submit that the trial court committed reversible error in sustaining defendant's motion to require plaintiffs to elect upon which count of the petition they would rely, and the judgment should be reversed and the cause remanded.

*O. M. Spencer, Ed. M. Spencer* and *Guy B. Park* for defendant in error.

(1) Where the different acts of negligence charged are inconsistent with each other, that is, if both cannot be true, if proof of one disproves the other, plaintiff may be required by motion, even on the eve of trial, to elect. Behen v. Railroad, 186 Mo. 430; Southworth v. Lamb, 82 Mo. 242; Drolshagen v. Railroad, 186 Mo. 258; Roberts v. Railroad, 43 Mo. App. 289; Brownell v. Railroad, 47 Mo. 239. (2) But if the position of plaintiffs in error is correct that the court erred in compelling the election, which we by no means concede,

they were not injured.  No evidence had been introduced in support of the second count and the rule forbidding an appellate court to reverse the judgment of any court unless it believes error was committed against appellant materially affecting the merits of the action applies.  Mockowik v. Railroad, 196 Mo. 568; Bick v. Williams, 181 Mo. 526; Carr v. Railroad, 195 Mo. 225; Moore v. Railroad, 176 Mo. l. c. 545; Broderick v. Andrews, 135 Mo. App. 57; R. S. Mo. 1899, sec. 865.  (3)  Plaintiffs having offered no counter instruction to the one given by the court withdrawing the second count and having otherwise failed to preserve the point, are not in position to urge it here.

BROADDUS, P. J.—The plaintiff's cause of action is stated in two different counts.  The first in substance is to the effect; that defendant erected an embankment for its railroad track over and through the lands of plaintiff without sufficient ditches along its sides to carry off the natural flow of waters falling or coming thereon, whereby the said waters were obstructed and caused to overflow his said lands and destroyed his growing crops to his damage in the sum of six hundred dollars.

The second count sets out a common law action, and the allegations are:  That, defendant carelessly constructed a ditch along the side of its railroad embankment, which during an ordinary rainfall gathered and conducted the waters flowing from a certain stream and precipitated them over and upon plaintiff's land, thereby destroying his growing crops, to his damage in the sum of six hundred dollars.  The answer of the defendant was a general denial.  Before trial defendant moved to have the plaintiff elect upon which count he would rely.  This motion was overruled.  At the close of plaintiff's evidence, defendant made an informal motion asking the court to require plaintiff to elect on which count he would go to the

jury, which was by the court sustained. At the close of the case the court gave the following instruction. "The court instructs the jury that in determining whether or not the plaintiff should recover in this cause, you are only to take into consideration the first count of the plaintiff's petition."

The jury returned a verdict in favor of the defendant upon which judgment was rendered and plaintiff appealed.

The evidence is not preserved in the record before us and we are asked by plaintiff to reverse and remand the case for a new trial on the ground that the court committed error in restricting plaintiff's right to recover on the first count of his petition. It is held that: "A motion to compel plaintiff to elect on which act of negligence she would go to trial, made and overruled at a previous term, and renewed orally before the trial commences, should be again overruled." [White v. Railroad, 202 Mo. 539.] "Where the petition charges common law negligence and a violation of the Vigilant Watch Ordinance as the cause of the personal injuries, it is not error to refuse to require the plaintiff to elect on which charge he will stand." [Rapp v. Transit Co., 190 Mo. 144; Sluder v. Transit Co., 189 Mo. 107.] In the former case it is also said that, "when defendant refuses to stand on its motion to elect, files answer, goes to trial, and takes the chance of winning or losing on an issue of fact, it abandons its motion to elect, unless the allegations are so contradictory as to be self-destructive and therefore state no cause of action." The trial court in that case overruled the motion to require the plaintiff to elect.

This case is somewhat different, the appeal not being from the action of the court in refusing to sustain a motion to elect, but for sustaining one. The cases are not parallel in that the two counts under consideration are inconsistent and contradictory. If the damage was caused as stated in the first count by

the failure of defendant to construct ditches along the sides of its railroad where it passed through his land sufficient to carry off the surface water which came upon plaintiff's land from ordinary rainfalls and thereby obstructed their natural flow, and destroying plaintiff's growing crops, it was not caused by the negligent act of defendant in digging a ditch terminating opposite his land by means of which the overflow of waters of a certain creek were collected and precipitated upon his lands, thereby destroying his growing crops. The charges in the two counts are so inconsistent and contradictory that the proof of one would destroy the other. And there was no error in the action of the court compelling plaintiff to elect on which count he would stand.

The action of the court ought to be upheld for another reason. The motion to elect was sustained after plaintiff had closed his evidence. The court may have concluded that the evidence did not sustain one or the other of the two counts, as the allegations are not the same in both, and different proof was required; that it applied to the one and not to the other; and that it was for the plaintiff and not for the court to say on which he should stand. The evidence is not before us and we cannot say as a matter of fact, that the court was wrong in its action, because the presumption is to the contrary—that the court's action was proper. But we are bound to infer so far as this court is concerned that the evidence, if true, could and did not support, one or the other counts of the petition and that the court was justified in requiring plaintiff to make choice upon which he would stand. If he suffered an injury in making such choice, it was his own mistake for which he has no remedy. But we are persuaded that he selected to stand on his best foot— the best side of his cause. The cause is affirmed. All concur.